HEARD APRIL TERM, 1871.

## KIBLER *vs.* BRIDGES.

The homestead exemption under the Military order of April 11th, 1867, known as Order No. 10, could not have been allowed at a sale in December, 1867, to foreclose a mortgage of the premises executed in February, 1866—the Military commmander having had no power to impair the obligation of the contract.

BEFORE THOMAS, J., AT LANCASTER, APRIL TERM, 1870.

This was an action of trespass to try title to recover the possession of a dwelling house and appurtanances and twenty acres of land, part of a tract of about nine hundred acres of land, which in February, 1866, was owned by James D. McIlwain.

In the month and year mentioned, McIlwain mortgaged the whole tract to the plaintiff, and under a decree for foreclosure the mortgaged premises were held by the Commissioner on the 2d December, 1867, and conveyed to the plaintiff, he being the purchaser at the sale. The conveyance did not in terms exempt the premises in dispute in this action from its operation, but the defendant, who held under McIlwain, claimed that they were exempted by virtue of the Military order of April 11th, 1867, known as Order No. 10. The Commissioner who made the sale testified that although his deed included the homestead and twenty acres of land, he did not sell them; that McIlwain demanded his homestead before the sale, and it was allotted to him.

The presiding Judge instructed the jury that, by virtue of the Military order above mentioned, the title to the dwelling house and appurtenances and twenty acres of land remained in McIlwain, notwithstanding the sale and deed of the Commissioner. The jury found for the defendant.

The plaintiff moved the Circuit Court for a new trial, and his motion was overruled. He appealed to this Court.

*Moore*, for appellant.

*DePass & Clyburn*, contra.

Aug. 30, 1871. The opinion of the Court was delivered by

WRIGHT, A. J. This was an action to recover possession of the dwelling house, out buildings, and twenty acres of land embraced in a tract containing about nine hundred acres, which had been mortgaged to plaintiff in 1866 by one James D. McIlwain.

In 1867 proceedings were instituted in the Equity Court for a foreclosure, under which, by order of the Court, the said mortgaged premises was sold on the 2d December, 1867, and conveyed to the plaintiff by the Commissioner. The defendant has not produced any title whatever to the dwelling house and twenty acres of land which he claims, but claims the same under McIlwain, and McIlwain claims the homestead under the seventh paragraph of General Order, No. 10, issued from "Headquarters, Second Military District," Charleston, South Carolina, April 11th, 1867, which is as follows: "In all sales of property under execution or by order of any Court, there shall be reserved out of the property of any defendant who has a family dependent upon his or her labor, a dwelling house and ap-

purtenances, and twenty acres of land for the use and occupation of the family of the defendant, and necessary articles of furniture, apparel, subsistence, implements of trade, husbandry, or other implements, to the value of five hundred dollars." By the Act of Congress, passed March 2d, 1867, entitled "An Act to provide for the more efficient government of the Rebel States," the powers and duties of the military commanders of the district, created by the said Act, were defined.

The object contemplated by Congress in dividing the Rebel States into military districts, and placing a military commander over each of them, was for the protection of the life and property of the citizens in those States, and to govern them more efficiently in accordance with the constitution and laws of the United States; therefore it became the duty of those placed in command to endeavor to enforce obedience to the constitution and laws of the United States. The Constitution of the United States provides against any State impairing the obligation of a contract. The military commanders who were placed over and had charge of the military had no more right or authority to issue and enforce orders, the provisions of which were contrary to the constitution and laws of the United States, than a State. Therefore General Order, No. 10, is to be construed as not interfering with vested rights. In this case the homestead is claimed as against a mortgage. By the very condition of a mortgage, the mortgagee, in default of payment by the mortgagor, has a right to have the mortgaged premises sold, and the proceeds applied to the payment of the mortgaged debt. The homestead cannot therefore be held out of premises that have been mortgaged. This doctrine has been held by this Court, and fully set forth in the case of *Shelor* vs. *Mason*, 2 S. C., 233.

The order of the Court below must be set aside, and a new trial ordered.

*Willard*, A. J., concurred.

*Moses*, C. J., absent at hearing.